IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr436-MHT |
| | ) | (WO) |
| DONNELL MARICUS WOODS | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Donnell Maricus Woods on January 4, 2018. The court notes at the outset that the motion refers both to Woods and to a "Mr. Dowdell." Defense counsel clarified at an on-the-record conference call, on January 5, 2018, that this was in error, and that each of the references to "Mr. Dowdell" were intended to refer to Woods. For the reasons set forth below, the court finds that jury selection and trial, now set for January 16, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v.*

*Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Woods in a speedy trial.  As the motion explains, defense counsel is waiting to receive the forensic testing results of a black bag that was allegedly involved in the offense conduct at issue.  Both parties informed the court during an on-the-record conference call on January 5, 2018, that the government expects--although with less than full certainty--to receive the results from a state testing facility in one week.  The parties would then have only four days, including two weekend days, to prepare for trial and engage in any plea negotiations. Accordingly, the current January 16 trial date does not provide enough time for counsel for Woods to prepare for jury selection and trial.  A continuance is warranted and necessary to allow defense counsel to

prepare adequately and effectively for the jury selection and trial in this case.

The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Donnell Maricus Woods (doc. no. 22) is granted.

(2) The jury selection and trial, now set for January 16, 2018, are reset for January 29, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 5th day of January, 2018.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**