IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr436-MHT |
| | ) | (WO) |
| DONNELL MARICUS WOODS | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Donnell Maricus Woods on January 23, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for January 29, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Woods in a speedy trial. Woods is charged with three counts of possession with intent to distribute a controlled substance: one each

for methamphetamine, cocaine, and marijuana. The government filed a superseding indictment on January 10, and, based on that indictment, filed a notice of enhanced penalties for each count under 21 U.S.C. § 851 on January 22. Woods is now facing a mandatory minimum of ten years incarceration, and the present trial date is just seven days away. Further, with the notice of statutory enhancements came additional discovery, which defense counsel needs time to review. Without an opportunity to review this discovery, defense counsel cannot advise his client on how to proceed. The present trial date does not afford counsel for Woods sufficient time to review the additional discovery, confer with Woods about how to proceed, and, if they so decide, prepare for trial. Accordingly, a continuance is warranted and necessary to allow counsel enough time to prepare adequately and effectively for jury selection and trial.

The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Donnell Maricus Woods (doc. no. 30) is granted.

(2) The jury selection and trial, now set for January 29, 2018, are reset for March 12, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 24th day of January, 2018.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**